RECORD NO. 14-4262

# IN THE
# United States Court of Appeals
## FOR THE FOURTH CIRCUIT

UNITED STATES OF AMERICA,

*Plaintiff-Appellee,*

v.

DEWON LAMONT JAMISON,

*Defendant-Appellant.*

ON APPEAL FROM THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA
AT GREENSBORO

**OPENING BRIEF OF APPELLANT
DEWON LAMONT JAMISON**

Christopher A. Beechler
LAW OFFICES OF
 CHRISTOPHER A. BEECHLER
114 South Spruce Street
Winston-Salem, North Carolina  27101
(336) 723-1110
cbeechler@beechlerlaw.com

*Counsel for Appellant*

LANTAGNE LEGAL PRINTING 801 East Main Street Suite 100 Richmond, Virginia  23219 (804) 644-0477
A Division of Lantagne Duplicating Services

## **TABLE OF CONTENTS**

Page

TABLE OF CITATIONS ........................................................................................... ii

INTRODUCTORY STATEMENT ............................................................................1

JURISDICTIONAL STATEMENT ...........................................................................1

STATEMENT OF ISSUE FOR REVIEW ................................................................1

STATEMENT OF THE CASE ..................................................................................2

STATEMENT OF FACTS ........................................................................................ 3

SUMMARY OF THE ARGUMENT ................................................................... 3, 4

ARGUMENT AND CITATIONS OF AUTHORITY. ......................................... 4-5

      AFTER EXTENSIVE AND THOROUGH RESEARCH, COUNSEL FOR APPELLANT HAS CONCLUDED THAT THERE ARE NO MERITORIOUS GROUNDS TO BE RAISED ON ................................ 4-5

          Standard of Review ........................................................................4

          Argument ................................................................................... 4-5

              1.   Appellant believes that his sentence was improperly enhanced based on Williams' firing of the shotgun...... 4-5

              2.   Appellant believes he should not have received a 2-Point enhancement for obstructing justice .................5

CONCLUSION ...........................................................................................................5

CERTIFICATE OF COMPLIANCE .........................................................................6

CERTIFICATE OF SERVICE ...................................................................................7

# **TABLE OF CITATIONS**

**CASE AUTHORITY:**                                                                          **PAGE(S):**

*Anders v. California*, 386 U.S. 738, 87 S.Ct. 1396, 18 L. Ed. 2d 493 (1967)........3,4

*McCoy v. Wisconsin*, 486 U.S. 429, 108 S. Ct. 1895, 100 L. Ed. 2d 440 (1988)…..4

*Penson v. Ohio*, 488 U.S. 75, 109 S. Ct. 346, 102 L. Ed. 2d 300 (1988)…………..4

**STATUTES:**

18 U.S.C. § 924(c)(1)(A)(iii) ................................................................…….2

18 U.S.C. § 1951(a) and 1952................................................................…….2

18 U.S.C. § 3231 ................................................................................................1

28 U.S.C. §1291 ................................................................................................1

**UNITED STATES SENTENCING GUIDELINES:**

USSG § 3C1.2  ................................................................................…….5

## INTRODUCTORY STATEMENT

This Brief is submitted on behalf of Dewon Lamont Jamison, Defendant / Appellant in the court below.   Appellee, the United States of America, was the Prosecution / Plaintiff in the court below.

## STATEMENT OF SUBJECT MATTER AND APPELLATE JURISDICTION

This is a direct appeal by Defendant Dewon Lamont Jamison from his sentence in a case originating out of United States District Court for the Middle District of North Carolina.   Jurisdiction was conferred upon the United States District Court pursuant to 18 U.S.C. § 1331.   The Fourth Circuit has appellate jurisdiction pursuant to 28 U.S.C. § 1291, and Rule 4(b), Federal Rules of Appellate Procedure.   Appellant Dewon Lamont Jamison filed his timely notice of appeal on March 31, 2014.

## STATEMENT OF ISSUE FOR REVIEW

After extensive and thorough research, counsel for Appellant has concluded that there are no meritorious grounds to be raised on his behalf on this appeal. Nevertheless, Appellant challenges the severity of his sentence.

1

## **STATEMENT OF THE CASE**

On July 29, 2013, a grand jury in the Middle District of North Carolina returned a two-count indictment, charging Appellant with one count of interfering with interstate commerce by robbery, in violation of 18 U.S.C. §§ 1951(a) and 1952, and one count of carry and use, by discharge, of a firearm during a crime of violence, in violation of 18 U.S.C. § 924(c)(1)(A)(iii).   (ECF Doc. 1).   On October 17, 2013, Appellant pled guilty to Count One of the Indictment without the benefit of a written plea agreement (ECF Doc. 23).   On October 23, 2013, the Court allowed Appellant to plead guilty to Counts One and Two pursuant to written plea agreement.   The plea agreement stated, among other things, that if Appellant pled guilty to counts one and two and if the District Court found at sentencing that Appellant qualified for a two-level decrease in offense level for acceptance of responsibility, pursuant to USSG § 3E1.1(a), the United States would recommend an additional one point reduction in Appellant's offense level.   (ECF Doc. 43).

On February 19, 2014, Appellant was sentenced to 108 months imprisonment in Count One and 120 months in Count Two, to be served consecutively (ECF Doc. 58).   Appellant's Judgment was signed by the Honorable James A. Beaty, Jr. and filed March 28, 2014.   (*Id.*)   Appellant filed a notice of appeal on March 31, 2014. (ECF Doc. 60).

2

## STATEMENT OF FACTS

The Government's evidence tended to show the following. On July 31, 2012, Jamison and two co-defendants (John Williams and James Horton) entered the Gold Express jewelry store. All three men disguised their faces and possessed firearms. Williams entered the store first, and, upon observing the store owner make a movement with his hand, fired one shotgun round at the owner. The owner was struck with shotgun pellets and collapsed to the floor. Jamison and Horton entered the store after the shot was fired, and all three men participated in robbing the store of merchandise and cash. One innocent customer was in the store at the time of the robbery and was not injured or assaulted. The three men exited the store and entered their vehicle. Almost immediately upon leaving the area, police noticed the vehicle and a chase ensued. The suspect car stopped in a parking garage at Wake Forest Baptist Hospital, and the suspects fled on foot. All three defendants were apprehended on hospital property.

## SUMMARY OF THE ARGUMENT

Appellant gave notice of appeal to the United States Court of Appeals for the Fourth Circuit. Thereupon, the undersigned counsel was appointed to perfect his appeal. This brief is submitted to the Court pursuant to the decision in *Anders v. California*, 386 U.S. 738, 87 S. Ct. 1396, 18 L. Ed. 2d 493 (1967), as more fully

explained in *McCoy v. Wisconsin*, 486 U.S. 429, 108 S. Ct. 1895, 100 L. Ed. 2d 440 (1988) and *Penson v. Ohio*, 488 U.S. 75, 109 S. Ct. 346, 102 L. Ed. 2d 300 (1988). Counsel for Appellant has determined, after a conscientious examination of the whole record that Mr. Jamison has no meritorious grounds for appeal. Nonetheless, this brief is submitted to fulfill the Appellant's desire to pursue an appeal from his conviction and sentence.

## ARGUMENT AND CITATIONS OF AUTHORITY

AFTER THOROUGH AND EXTENSIVE RESEARCH, COUNSEL FOR APPELLANT HAS CONCLUDED THAT THERE ARE NO MERITORIOUS GROUNDS TO BE RAISED ON HIS BEHALF ON THIS APPEAL.

### Standard of Review

Under the rule enunciated in *Anders*, in order to affirm the judgment of the District Court, the Court of Appeals must find that the instant appeal is wholly frivolous. *Anders*, 386 U.S. 738, 87 S. Ct. 1396, 18 L. Ed. 2d 493.

### Argument

**1. Appellant believes that his sentence was improperly enhanced based on Williams' firing of the shotgun.**

Appellant admits to, and has accepted responsibility for, his involvement in the robbery of the Gold Express. However, Appellant contends he should not be held accountable for the action of his co-defendant. He objects to the 120 month consecutive sentence in Count Two, because he did not fire the weapon.

4

Appellant believes that despite his guilty plea to Count Two and understanding the mandatory sentence required by statute, the sentence should not apply to him.

Appellant's counsel has thoroughly reviewed Appellant's concern and is not pursing this issue because it is incongruous with federal law.

**2. Appellant believes he should not have received a 2-Point enhancement for obstructing justice.**

Appellant renews his argument from his sentencing hearing that evasive driving of Williams after the robbery was not so reckless as to create a substantial risk of death or serious bodily injury, as addressed by USSG §3C1.2.   However, this issue was discussed at length during the sentencing hearing, and the Court disagreed with Appellant's position.   (Sent. Transcript, Pages 47 – 48).

## CONCLUSION

Appellant respectfully asks the Court of Appeals for the Fourth Circuit to review the record carefully to determine if there are issues of merit which may be raised and which would warrant the Court's vacating the District Court's judgment.

This the 26th day of June, 2014.

/s/ Christopher A. Beechler
Christopher A. Beechler
N.C. State Bar #27708
114 S. Spruce Street
Winston-Salem, NC    27101

336/723-1110  
Fax: 336/723-8443  
cbeechler@beechlerlaw.com

## **CERTIFICATE OF COMPLIANCE**

1. This brief has been prepared using fourteen point, proportionally spaced typeface, specifically WordPerfect 9, Times New Roman, 14 point.

2. Exclusive of the corporate disclosure statement; table of contents, table of citations; statement with respect to oral argument; and any addendum containing statutes, rules or regulations; and the certificate of service, this brief of the Appellant contains: 1,027 words

/s/ Christopher A. Beechler  
Christopher A. Beechler  
N.C. State Bar #27708  
114 S. Spruce Street  
Winston-Salem, NC    27101  
336/723-1110  
Fax: 336/723-8443  
cbeechler@beechlerlaw.com

## CERTIFICATE OF SERVICE

I hereby certify that this 26th day of June, 2014, the foregoing was electronically filed with the Clerk of Court using the CM/ECF system which will send notification of such filing to Assistant United States Attorney Andrew Cochran.

This the 26th day of June, 2014.

Respectfully submitted,

/s/ Christopher A. Beechler
Christopher A. Beechler
N.C. State Bar #27708
114 S. Spruce Street
Winston-Salem, NC    27101
336/723-1110
Fax: 336/723-8443
cbeechler@beechlerlaw.com

7